UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUISIANA REALTY DEVELOPMENT, LLC | * | CIVIL ACTION NO. 25-656 |
| Plaintiff | * | SECTION "O"(4) |
| | * | |
| VERSUS | * | JUDGE LONG |
| | * | |
| AXIS SURPLUS INSURANCE COMPANY | * | MAGISTRATE ROBY |
| Defendant | * | |
| | * | A JURY IS DEMANDED |

* * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, AXIS Surplus Insurance Company (hereinafter "Defendant" or "AXIS"), who, for the reasons below, respectfully moves to dismiss Plaintiff's claim seeking a "penalty of fifty percent [50%] of the settlement amount"[3] and the issuance of an order limiting any potential recovery to $5,000, or alternatively dismiss Plaintiff's claims because AXIS paid the full amount due within seven minutes of receiving the only possible cure period notice, or alternatively, dismiss or stay this matter for Plaintiff's failure to issue a "cure period notice" as required by La. R.S. 22:1892.2.

**I.   Background**

On February 20, 2025, Plaintiff, Louisiana Realty Development, LLC (hereinafter "Plaintiff"), filed this lawsuit against AXIS, as insurer of Plaintiff, for alleged failure to timely provide settlement funds related to Plaintiff's separate lawsuit for alleged property damage to various properties located in Houma, Louisiana due to Hurricane Ida on August 29, 2021.[4]

The Complaint alleges Plaintiff and AXIS entered into a settlement agreement on

---

[3] R. Doc. 17 at p.8.
[4] R. Doc. 17 at p. 3 (First Amended Complaint).

November 19, 2024.[5] The Complaint contends that the settlement funds and release agreement were not received by Plaintiff until more than thirty (30) days after the alleged settlement agreement, on December 27, 2024.[6] Plaintiff contends the receipt of the settlement funds on December 27, 2024 constitutes a breach of La. R.S. 22:1892(I) and 22:1892.2.[7]

Plaintiff alleges that it received the settlement check the same day it inquired as to the status of the payment and that the check was mailed on 12/26/24, the day before Plaintiff inquired into the status of the settlement check.[8] Despite acknowledging receipt of the settlement check on 12/27/24,[9] Plaintiff makes the following legally incorrect assertion: "AXIS is and continues to be in violation of Louisiana Revised Statute § 22:1892.2, even after being placed on notice of its breach, and thus AXIS is liable unto Plaintiff for statutory penalties, reasonable attorneys' fees, interest and costs."[10] While Plaintiff contends that this matter falls under the catastrophic loss claims settlement practices provision, La. R.S. § 22:1892.2, at no point does Plaintiff contend it sent a "cure period notice" in compliance with section § 1892.2(C)(3) which contained the amount alleged to be due together with actual expenses incurred, including attorney's fees not to exceed 20% of the amount alleged to be due. Plaintiff then makes the following legally incorrect assertion that AXIS is "liable unto Plaintiff for a penalty of fifty percent [50%] of the settlement amount as well as reasonable attorney's fees, interests, and costs and any and all other forms of equitable relief."[11]

---

[5] R. Doc. 17 at pp. 3-4 (First Amended Complaint).
[6] R. Doc. 17 at p. 4 (First Amended Complaint).
[7] R. Doc. 17 at pp. 4–6 (First Amended Complaint).
[8] R. Doc. 17 at p. 5 (First Amended Complaint).
[9] R. Doc. 17 at p. 5 (First Amended Complaint).
[10] R. Doc. 17 at p. 7 (First Amended Complaint).
[11] R. Doc. 17 at p. 8 (First Amended Complaint).

## II. Law and Argument

### a. Plaintiff's Allegations Wrongly Treat Its Claims as Insurance Claims

As discussed, Plaintiff contends the receipt of the settlement funds on December 27, 2024 constitutes a breach of La. R.S. 22:1892(I) and 22:1892.2.[12] La. R.S. § 22:1892(I)(1)(b) provides that "[f]or **claims arising under an insurance policy covering a loss to immovable property**, the insurer shall **instead** be subject to the provisions of Subsection (B) of this Section or R.S. 22:1892.2 as appropriate." (emphasis added). This provision is inapplicable because for Subsection (B) or § 1892.2 to apply, the Court would have to conclude the alleged settlement here is one arising under the insurance policy. In *Katie Realty v. Louisiana Citizens Prop. Ins. Co.*, 12-588 (La. 10/16/12), 100 So.3d 324, 331, the Louisiana Supreme Court rejected this position holding "[a] settlement … is not an insurance claim arising under a contract of insurance. Rather, it is a compromise that resolves the dispute over the insurance claim." The *Katie Realty* Court reasoned that to characterize the settlement as a claim arising under the insurance policy "would not only renounce the validity of the settlement, but would also revive plaintiff's compromised claim. Such an interpretation not only leads to an absurd as well as an inequitable result but further fails to comport with the strict construction of penal provisions required by our jurisprudence."[13]

Per *Katie Realty*, Plaintiff's claim here "is not an insurance claim arising under a contract of insurance."[14] To treat it as such "would not only renounce the validity of the settlement, but would also revive plaintiff's compromised claim."[15] "Such an interpretation not only leads to an absurd as well as an inequitable result but further fails to comport with the strict construction of

---

[12] R. Doc. 17 at pp. 4-6 (First Amended Complaint).
[13] *Katie Realty*, 100 So.3d at 331.
[14] *Katie Realty*, 100 So.3d at 331.
[15] *Katie Realty*, 100 So.3d at 331.

penal provisions required by our jurisprudence."[16]

Rather, the applicable provision here is § 1892(I)(1)(a) penalty's provision which provides "[a]ny insurer that breaches the duties of this Subsection shall be liable for any proven economic damages sustained as a result of the breach. For claims not involving loss to an insured's immovable property, the insured may be awarded penalties in an amount not to exceed fifty percent of the damages sustained or five thousand dollars." Accordingly, Plaintiff's claims seeking a penalty of 50% of the amount of settlement, plus interest, costs, and fees, should be dismissed.

### b. The Correct Law to Apply Is La. R.S. § 22:1892(I)(2)(b) and § 1892(I)(1)(a)

In *Joli D Properties LLC v. Underwriters at Lloyds London*, No. 2:21-CV-04462, 2022 WL 1150862, at *1 (W.D. La. April 18, 2022), a plaintiff company filed suit alleging that its insurer failed to timely pay a settlement payment and, therefore, owed it penalties under La. R.S. § 22:1892. The insurer moved to dismiss the claims relying on *Katie Realty*. The Western District discussed *Katie Realty* and noted that its reasoning was persuasive, and it granted the insurer's motion in part to dismiss the plaintiff's claims pursuant to La. R.S. § 22:1892. The court found that the correct law to apply was Louisiana Revised Statute § 22:1973, which at that time provided that a "'claimant may be awarded penalties ... in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater,' … if an insurer knowingly 'fail[s] to pay a settlement within thirty days after an agreement is reduced to writing.'"

Now, the amended version of La. R.S. § 22:1892 contains the very language that the *Joli* court found to be controlling in that case. La. R.S. § 22:1892(I)(2)(b) provides that if an insurer knowingly "fail[s] to pay a settlement within thirty days after an agreement is reduced to writing," this is a breach of the insurer's duties imposed in La. R.S. § 22:1892(I)(1)(a). Under La. R.S. §

---

[16] *Katie Realty*, 100 So.3d at 331.

22:1892(I)(1)(a), "the insured may be awarded penalties in an amount not to exceed fifty percent of the damages sustained or five thousand dollars, whichever is greater, together with attorney fees and costs actually incurred due to the breach." As in *Joli*, this language is controlling here, and Plaintiff is, therefore, limited to recovering $5,000 if it can prove that AXIS knowingly did not pay the subject settlement within thirty days after reducing the agreement to writing.

### c. Even if La. R.S. § 22:1892.2 Applies, Plaintiff Applies It Incorrectly

As an initial matter, La. R.S. 22:1892(I)(1)(b) provides that "[f]or claims arising under an insurance policy covering loss to immovable property, the insurer shall **instead** be subject to the provisions of Subsection B of this Section or R.S. 22:1892.2, as appropriate." (emphasis added). Because the underlying claim here involves a loss from Hurricane Ida as alleged in the Amended Complaint, the underlying claim would be a catastrophic loss, and thus, if the Court interprets this as a claim arising under an immovable property, the applicable provision is La. R.S. 22:1892.2. However, the only way La. R.S. 22:1892.2 is applicable here is if this Court concludes the alleged late payment of the settlement funds is a "claim[] arising under an insurance policy covering loss to immovable property."[17] Such an interpretation would be contrary to the Louisiana Supreme Court's holding in *Katie Realty* that: (1) this type of suit "**is not an insurance claim arising under a contract of insurance[,]**"[18] (2) "would not only renounce the validity of the settlement, but would also revive plaintiff's compromised claim[;]"[19] and (3) "[s]uch an interpretation not only leads to an absurd as well as an inequitable result but further fails to comport with the strict construction of penal provisions required by our jurisprudence."[20]

However, out of an abundance of caution, AXIS addresses why Plaintiff's claims should

---

[17] La. R.S. 22:1892(I)(1)(b).
[18] *Katie Realty*, 100 So.3d at 331 (emphasis added).
[19] *Katie Realty*, 100 So.3d at 331.
[20] *Katie Realty*, 100 So.3d at 331 (emphasis added).

be dismissed entirely if La. R.S. 22:1892.2 is found applicable here.

      i. **The Only Possible Cure Peroid Notice Sent by Plaintiff was Complied with, Thus, This Claim Should be Dismissed.**

La. R.S. 22:1892.2 (C)(1) provides that "**as a condition precedent to bringing an action pursuant to this Section,** the insurer shall be given sixty days' written notice of violation by the insured or his representative, hereinafter referred to in this Section as the '**cure period notice**.'" (emphasis added). The "cure period notice" may be either on a form transmitted by the department or by formal written demand providing sufficient notice of the facts and circumstances of the dispute. La. R.S. 22:1892.2 (C)(2)(emphasis added). "If the insurer pays within sixty days after the insurer receives a cure period notice the full amount alleged to be due in the notice, together with actual expenses incurred by the insured and claimed in the notice, including any attorney's fees not to exceed twenty percent of the amount alleged to be due under the policy **there shall be no further cause of action pursuant to this Section regarding that noticed demand**." La. R.S. 22:1892.2 (C)(3)(emphasis added). Here the only possible "cure period notice" alleged was Plaintiff's email on 12/27/24 at 9:09 a.m. wherein it alleges it sent "a communication to counsel for AXIS inquiring as to the status of the settlement funds and proposed release."[21] Plaintiff then asserts that "[m]oments later, at 9:16 a.m. on December 27, 2024, the settlement checks were received at counsel for Plaintiff's office via FedEx Standard Overnight … ."[22] This "cure period notice" email did not contain any "actual expenses incurred by the insured, including attorney's fees".[23] Thus, AXIS complied with the "cure period notice" by providing the settlement check within seven minutes of receiving the only possible "cure period notice" being sent. Thus, this suit should be dismissed because the statute provides if the amount is paid within sixty days then "there

---

[21] R. Doc. 17 at p.5, ¶12.
[22] R. Doc. 17 at p. 5, ¶13.
[23] La. R.S. 22:1892.2 (C)(3).

shall be no further cause of action pursuant to this Section … ." La. R.S. § 22:1892.2(C)(3).

### ii. Alternatively, This Court Should Either Dismiss or Stay This Matter as No Cure Period Notice Was Sent.

Alternatively, this Court should dismiss or stay this matter as no sixty (60) day "cure period notice" was provided by Plaintiff as it never sent a notice outlining actual expenses and attorney's fees incurred. La. R.S. § 22:1892.2(C)(7) provides that "[i]f the insurer timely pays the full amount demanded as provided for in Paragraph (3) of this Subsection, any cause of action prematurely filed shall be subject to dismissal at the insured's cost." Section 1892.2(C)(7) also provides that any suit filed prior to sending the cure period notice "shall be automatically stayed until sixty (60) days after the cure period notice is received." It is suspected Plaintiff will argue that the letter demanding a 50% penalty and attorney's fees on the 50% penalty which "remain[ed] open for the next fifteen (15) days"[24] was the cure period notice. This letter could not constitute proper notice under La. R.S. 22:1892.2(C)(1)-(C)(3) because it does not provide 60 days to respond nor does it outline actual expenses or attorney's incurred in sending the one email before payment was received seven minutes later. Rather, it demands amounts not recoverable under § 1892.2(C)(3)—a 50% penalty and attorney's fees on the 50% penalty and cites to a different statute. The reason a cure period notice was never sent is because there was no longer any amount due after the 12/27/24 email as plaintiff received payment within seven minutes of sending said email. Thus, this Court should either dismiss this suit for failing to comply with the "cure period notice" since the payment has already been made and no amount is due, or stay this case and require Plaintiff provide a cure period notice which provides actual expenses and attorney's fees incurred for sending the one email. Any interpretation otherwise would "fail[] to comport with the strict construction of penal

---

[24] R. Doc. 5-3 at p. 2.

provisions required by [Louisiana's] jurisprudence."[25]

### iii.  Conclusion

For these reasons, this Court should find the only penalty provision applicable here is an is La. R.S. 22:1892(I)(1)(a) because this is a dispute regarding a settlement agreement which "is not an insurance claim arising under a contract of insurance."[26] Thus, Plaintiff's claim seeking a "penalty of fifty percent [50%] of the settlement amount"[27] should be dismissed because it is not authorized by said statute, and an order should be issued limiting any potential recovery here by Plaintiff to $5,000. Alternatively, if this Court finds that La. R.S. 22:1892.2 is applicable, then this matter should be dismissed because AXIS paid the full amount due within seven minutes of receiving the only possible cure period notice, or it should be dismissed for Plaintiff's failure to comply with the "cure period notice" since the payment has already been made and no amount is due, or it should be stayed while Plaintiff is required to provide a cure period notice which provides actual expenses and attorney's fees incurred for sending the one email.

**WHEREFORE,** Defendant, AXIS, prays this Court grant its Motion to Dismiss and dismiss Plaintiff's claim seeking a "penalty of fifty percent [50%] of the settlement amount"[28] and issue an order limiting any potential recovery here by Plaintiff to $5,000. Alternatively, if this Court finds that La. R.S. 22:1892.2 is applicable then this matter should be dismissed because AXIS paid the full amount due within seven minutes of receiving the only possible cure period notice, or it should be dismissed for Plaintiff's failure to comply with the "cure period notice" since the payment has already been made and no amount is due, or it should be stayed while

---

[25] *Katie Realty, Ltd.*, 100 So.3d at 332 (citing *Reed v. State Farm Mut. Auto. Ins. Co.*, 03–107 at p. 13, (La. 10/21/03), 857 So.2d 1012, 1020.
[26] *Katie Realty,* 100 So.3d at 331.
[27] R. Doc. 17 at p.8.
[28] R. Doc. 17 at p.8.

Plaintiff is required to provide a cure period notice which provides actual expenses and attorney's fees incurred for sending the one email.

Respectfully submitted,

*/s/ Kyle P. Kirsch*
PETER J. WANEK (23353)
KYLE P. KIRSCH (26363)
WANEK KIRSCH LLC
1340 Poydras Street, Ste. 2000
New Orleans, LA 70112
Telephone: 504-324-6493
Facsimile: 504-324-6626
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via electronic mail to all counsel of record and filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 29th day of August, 2025.

*/s/ Kyle P. Kirsch*