UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOUISIANA REALTY DEVELOPMENT, LLC** | * | CIVIL ACTION NO: 25-656 |
| | * | |
| **Plaintiff,** | * | SECTION: "O" (4) |
| | * | |
| v. | * | |
| | * | JUDGE: BRANDON S. LONG |
| **AXIS SURPLUS INSURANCE COMPANY** | * | |
| | * | MAG. JUDGE: KAREN WELLS ROBY |
| **Defendants.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR 50% PENALTY OF SETTLEMENT**

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, **LOUISIANA REALTY DEVELOPMENT, LLC** ("Plaintiff"), who submits this Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Claims for 50% Penalty of Settlement. To the extent that AXIS Surplus Insurance Company's (herein after referred to as "AXIS") instant Motion to Dismiss makes substantially similar arguments to its original Motion to Dismiss[1], Plaintiff's Memorandum in Opposition[2] is incorporated by reference and copied herein.

**I.   HISTORY OF THE ACTION**

On August 29, 2021, Hurricane Ida made landfall in Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding area, including the location of the insured properties owned by Plaintiff, for several hours.

---

[1] R. Doc. No. 5-0 and 5-1.
[2] R. Doc. 11

1

On August 25, 2023, Plaintiff filed a *Petition for Damages* AXIS SURPLUS INSURANCE COMPANY ("Axis") in the Honorable 32nd Judicial Court for the Parish of Terrebonne due to damages to the above properties as a result of Hurricane Ida. Thereafter, Defendant removed the matter to the Honorable United States District Court Eastern District of Louisiana under diversity jurisdiction under Case No. 2:23-cv-06594. Following the course of litigation, Axis, on November 19, 2024, made a settlement offer to resolve Case No. 2:23-cv-06594. Moments later, on November 19, 2024, Plaintiff accepted Axis' settlement offer via writing. Plaintiff thereafter provided check instructions, mortgage information, and the W-9 of Montiel Hodge LLC to Axis.

More than thirty days after November 19, 2024, on December 27, 2024, at 9:09am, counsel for Plaintiff forwarded communication to counsel for Axis inquiring as to the status of the settlement funds and proposed release. Moments later, at 9:16am on December 27, 2024, the settlement checks were received at counsel for Plaintiff's office via FedEx Standard Overnight with tracking ID No. 771033291910. In review of the tracking ID No. 771033291910, counsel for Axis mailed the settlement funds and proposed Release to counsel for Plaintiff on December 26, 2024.

On January 9, 2025, counsel for Plaintiff requested a Microsoft Word format of the Release be forwarded to Plaintiff's counsel for review and redlining. On January 31, 2025, counsel for Plaintiff forwarded a redlined version of Defendant's proposed Release, specifically reserving Plaintiff's right to proceed with claims for Axis' failure to make payment of settlement within thirty (30) days. Counsel for Axis was not accepting of the revised Release and demanded Plaintiff's 1) execute the original release or 2) he would proceed with scheduling a conference with Honorable Magistrate Judge Roby.

In light of Axis' failure to work to achieve a mutually agreed upon Release, Plaintiff filed suit against Axis on January 20, 2025, for breach of La. R.S. 22:1892 *et seq,* including La. R.S. 22:1892.2 in the Honorable 32nd Judicial District Court for the Parish of Terrebonne. Interestingly, Counsel for Axis, which was the same counsel as enrolled in 2:23-cv-06594, filed a *Motion for Extension of Time* on April 1, 2025 with the Honorable 32nd JDC requesting an extension of thirty (30) days to plead and response to Plaintiff's *Petition for Damages* "for the reason that counsel has only recently been retained and additional time is required to conduct an investigation."

Thereafter, on April 4, 2025, Axis filed its Notice of Removal of this matter from the 32nd JDC to this Honorable Court. The order of Transfer was signed by this Honorable Court on April 7, 2025, transferring this new matter to Section "O"(4) for further proceedings in light of related Civil Action No. 23-cv-6594. Axis then filed a Motion to Dismiss Plaintiff's Claims for 50% Penalty of Settlement, which this Court did not grant. Plaintiff thereafter filed a First Amended Petition for Damage on July 30, 2025.

Whereafter, Defendant has now filed the instant *Motion to Dismiss,* asserting similar arguments as in its original Motion to Dismiss.

## II.   LAW AND ARGUMENT

### A.   Standard of the Law

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a Complaint must allege sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555 (2007). Courts will "assess a Rule 12(b)(6) motion only on 'the facts

3

stated in the complaint and the documents either attached to or incorporated in the complaint." *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015).

### B. Defendant's "Cure Period Notice" Argument is Misplaced

Defendant devotes much of its instant Motion to the contention that Plaintiff failed to issue a "cure period notice" under La. R.S. 22:1892.2 and that its admittedly late payment within minutes of Plaintiff's inquiry bars recovery. This argument fails.

1. **The violation occurred once the 30-day deadline expired.**

AXIS's argument ignores that the statutory breach was completed on December 20, 2024, the 31st day after the settlement was reduced to writing. Defendant cannot avoid liability by finally mailing the check on December 26 and delivering it on December 27. Once the deadline lapsed, the violation by AXIS occurred, Plaintiff's rights vested, and the statutory penalty should be applied. The eventual issuance of settlement funds does not erase AXIS's liability for the breach of the 30-day deadline.

2. **Cure notices are intended to prevent premature lawsuits, not excuse statutory violations.**

Section 1892.2(C)(1)–(3) contemplates that an insurer may cure an ongoing failure to pay *amounts claimed under a policy* by tendering the funds within 60 days of a formal demand. That procedure prevents premature litigation where coverage or adjustment is still disputed. Here, however, there was no ongoing insurance adjustment dispute, that dispute had been resolved as of November 19, 2024, via a final settlement agreement. The only issue was AXIS's untimely payment of that settlement agreement.

Accordingly, Defendant's reliance on §1892.2's cure period provisions must fail. The plain and specific language of §1892(I)(2)(b) governs this dispute, and that statute imposes mandatory

4

penalties when an insurer fails to pay a settlement within thirty days after reduction to writing. Should this Court rule otherwise, it will effectively lengthen the 30-day deadline to issue settlement funds in Louisiana in lawsuits arising out of an insurance claim.

### 3. Plaintiff issued a formal demand, or cure period notice, more than 60 days ago.

Finally, even if Axis's argument holds water, Plaintiff is still entitled to a fifty percent penalty from AXIS Surplus Insurance Company along with reasonable attorneys' fees and costs. Three days following receipt of the settlement funds, on December 30, 2024, Plaintiff issued the attached demand letter to Counsel for Axis,[3] which laid out Axis's breach of La. R.S. 22:1892 as discussed above, and provided Axis "with sufficient notice of the facts and circumstances of the dispute." La. R.S. 22:1892(C)(2). It has been more than sixty days since Plaintiff issued this letter, and Axis has failed to tender any additional funds. Axis's argument that because this letter did not reference *all* demanded amounts or make reference to the "cure notice" requirement is not, by itself, enough to excuse Axis's clear violation of 22:1892. Furthermore, even if this letter did not serve as a "cure period notice," Plaintiff's Original Petition for Damages, which was filed on February 20, 2025, should serve as such.

### C. Defendant's Delay Was Arbitrary and Without Excuse

Axis has no justification for failing to issue any funds pursuant to the settlement agreement within 30 days of November 19, 2024, the date settlement was reached. As such, it is attempting to obfuscate the issue by filing these meritless Motions to Dismiss. For the reasons discussed above and in Plaintiff's prior Opposition Memorandum,[4] these issues, and their respective penalties, are clear from the text of the statute. However, as few, if any, courts have ruled on this exact issue while applying the new La. R.S. 22:1892, this Court should rely on secondary sources to

---

[3] See Exhibit 1, December 30, 2024, Letter to Counsel for AXIS.
[4] R. Doc. No. 11.

supplement the text of the statute. These secondary sources follow Plaintiff's plain reading of the statute.

> If the insurer then fails to make payment after receiving such proofs of loss within thirty days, or **within thirty days of an agreed settlement**; and the failure is deemed to have been "arbitrary, capricious, or without probable cause," then the **insurer shall be subject to a penalty of 50% on the amount found to be due** (or on the balance if there was a partial payment of the amount due) or $1,000, whichever is greater, "plus any proven economic damages sustained as a result of the breach" of duty. **Reasonable attorney fees and costs are also included in the penalty.** Claims for penalties, attorney fees and costs are subject to a liberative prescriptive period of two years.

§ 11:1. Louisiana insurance penalty statutes, 15 La. Civ. L. Treatise, Insurance Law & Practice § 11:1 (4th ed.).

The settlement was reached and reduced to writing on November 19, 2024. Despite having full knowledge of the agreement and the statutory deadline, AXIS failed to tender the funds within thirty days, only mailing the checks on December 26, 2024, and delivering them on December 27, 2024. This failure to timely pay a written settlement squarely falls under the purview of La. R.S. 22:1892(B)(1)(a) and 22:1892(I)(2)(b), as recognized by the Louisiana Civil Law Treatise. AXIS has offered no justification for its late payment. The unexplained breach, in light of a clear statutory deadline and the insurer's knowledge of the settlement, can only be considered arbitrary and capricious. Accordingly, Plaintiff is entitled to the statutory penalty of fifty percent of the settlement amount, in addition to attorney's fees and costs necessitated by AXIS's breach.

### **CONCLUSION**

Defendant had an affirmative duty to timely pay Plaintiffs the agreed upon settlement for the Hurricane Ida claim within 30 days. Even in settlement, Defendant is unable to abide by the binding statutory timelines and affirmative obligations placed on its shoulders. The Court must find that Defendant's knowing failure to timely pay Plaintiffs within 30 days is a clear violation

of La R.S. 22:1892 *et seq.* and that Plaintiff is entitled to the statutory penalty of 50% of the settlement amount, along with reasonable attorney's fees, and costs necessitated by Defendant's actions.

        Respectfully submitted,

        /s/ *Mark G. Montiel, Jr.*

        _____
        MARK G. MONTIEL, JR. (#36122)
        DOMINIC J. CARMELLO (#40306)
        JACK F. GRIFFIN (#40382)
        **MONTIEL HODGE, LLC**
        400 Poydras Street, Suite 2325
        New Orleans, Louisiana 70130
        Telephone: (504) 323-5885
        Fax: (504) 308-0511
        mmontiel@montielhodge.com
        dcarmello@montielhodge.com
        jgriffin@montielhodge.com
        **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

    I, the undersigned counsel in the above styled case, do hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail or electronic mail on this 9th day of September, 2025.

        /s/ *Mark G. Montiel, Jr.*
        **MARK G. MONTIEL, JR.**